IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **MICHAEL BROOKS** | : | **CIVIL ACTION** |
| | : | |
| **v.** | : | **NO. 21-5475** |
| | : | |
| **BARRY SMITH**, *et al.* | : | |

## MEMORANDUM

**KEARNEY, J.**                                                                                                           September 30, 2022

A jury convicted Michael Brooks of murdering Daniel Buchanan among other crimes. The sentencing judge sentenced Mr. Books to life imprisonment for first-degree murder plus a consecutive term of eight-and-a-half to seventeen years for his remaining convictions. The Pennsylvania appellate courts affirmed the conviction and sentence. Mr. Brooks unsuccessfully petitioned for post-conviction relief with specially appointed post-conviction counsel. Post-conviction counsel found no merit in the arguments and the trial court denied the post-conviction petition. Mr. Brooks now seeks habeas relief challenging the effectiveness of his post-conviction counsel and claiming the Pennsylvania appellate courts violated his procedural due process rights.

Judge Carlos issued a comprehensive Report and Recommendation recommending we deny Mr. Brooks's petition and not issue a certificate of appealability. Mr. Brooks now objects to Judge Carlos's recommendations. Following our careful review of Mr. Brooks's objections and analysis of the entire record, we overrule Mr. Brooks's objections, approve and adopt Judge Carlos's comprehensive Report and Recommendation, deny and dismiss Mr. Brooks's Petition for habeas relief, and find no basis to issue a certificate of appealability.

I.   **Background**

The trial evidence confirmed persons in the illegal drug business knew Daniel Buchanan as having a reputation for not paying drug dealers.[1] Mr. Buchanan sat in his car on June 15, 2007 speaking to Sandra Wilson standing on the sidewalk when Michael Brooks recognized Mr. Buchanan.[2] Mr. Brooks approached Mr. Buchanan's car and screamed "I'm about to merk your ass," reached for something behind his back, and several shots rang out.[3] Ms. Wilson confirmed she heard several gunshots and moved away from the car.[4] Another eye witness told the police she heard Mr. Brooks state: "That's the nigger that taxed me. I'm going to merk his ass," just before he pulled out a gun from his back waistband and several shots rang out.[5] A third witness confirmed hearing gunshots and saw Mr. Brooks nearby and then run into a house.[6] Mr. Buchanan drove off in his car in an attempt to flee after the shooting but crashed into a tree.[7] Mr. Buchanan died shortly after the crash from four gunshot wounds.[8]

*A state court jury convicts Mr. Brooks and the trial court imposes sentence.*

The Commonwealth charged Mr. Brooks with criminal homicide, possession of a prohibited firearm, carrying a firearm without a license, and possessing instruments of the crime.[9] A jury in the Bucks County Court of Common Pleas convicted Mr. Brooks on February 4, 2013 of first-degree murder and all remaining charges.[10] The sentencing judge sentenced Mr. Brooks to life imprisonment for first-degree murder, a consecutive sentence of five to ten years of incarceration for possession of a prohibited firearm, and a consecutive sentence of three-and-a-half to seven years of incarceration for carrying a firearm without a license on March 14, 2013.[11]

*Mr. Brooks appeals and seeks post-conviction collateral relief.*

Mr. Brooks *pro se* appealed his conviction to the Pennsylvania Superior Court.[12] He argued the trial court usurped the jury's authority under Pennsylvania's sentencing statute, 42 Pa. C.S. §

9711, through which the General Assembly defines the sentencing procedures for first degree murder in capital cases including "the jury shall determine whether the defendant shall be sentenced to death or life imprisonment."[13] The Pennsylvania Superior Court found Section 9711 not applicable to Mr. Brooks's case because Section 9711 governs capital cases and "the Commonwealth never pursued the death penalty" and found "no merit in an argument [Mr. Brooks] should have been exposed to a harsher sentence than what he received."[14] The Pennsylvania Superior Court affirmed Mr. Brooks's conviction and his conviction became final on September 13, 2018.[15]

Mr. Brooks *pro se* petitioned for post-conviction relief under Pennsylvania's Post-Conviction Relief Act on May 2, 2019 raising multiple ineffective assistance of trial counsel claims.[16] The Post-Conviction court appointed Stuart Wilder, Esquire to represent Mr. Brooks on May 17, 2019.[17] Attorney Wilder moved to amend Mr. Brooks's petition to include an additional ineffective assistance of counsel claim on September 4, 2019, but then moved to withdrawal as counsel on November 4, 2019.[18] Attorney Wilder filed a *Turner/Finely* no-merit letter concluding he reviewed Mr. Brooks's file and found no issues of merit.[19] The Post-Conviction court held a hearing, granted Attorney Wilder's motions, and denied Mr. Brooks's petition.[20]

Mr. Brooks appealed to the Pennsylvania Superior Court arguing Attorney Wilder provided ineffective assistance of counsel when he filed an amended petition and then filed a *Turner/Finely* no-merit letter and "effectively act[ed] as an attorney for the prosecution."[21] The Superior Court reviewed each of Mr. Brooks's sub-claims of ineffectiveness stemming from the no-merit letter.[22] The Superior Court held Attorney Wilder did not provide ineffective assistance of counsel by deciding not to pursue any of the issues raised by Mr. Brooks on collateral review because Mr. Brooks failed to establish these claims had any merit or trial counsel prejudiced him by failing to

raise these issues.[23] The Superior Court affirmed the Post-Conviction court's dismissal of his petition.[24] The Pennsylvania Supreme Court denied Mr. Brooks's petition for allowance of appeal.[25]

### *Mr. Brooks seeks federal habeas relief.*

Mr. Brooks timely *pro se* petitioned for habeas relief under 28 U.S.C. § 2254.[26] He raises four claims: three challenging the ineffectiveness of his post-conviction counsel and one asserting the state appellate courts violated his procedural due process rights for failing to comply with binding caselaw and statutes during his sentencing.[27] The three ineffective assistance of post-conviction counsel claims stem from Attorney Wilder's no-merit letter.[28] Mr. Brooks claims instead of filing the no-merit letter Attorney Wilder should have argued trial counsel provided Mr. Brooks ineffective assistance of counsel when trial counsel (1) failed to object to Mr. Brooks's sentence under Section 9711; (2) failed to object to the prosecutor expressing his personal opinions and beliefs in his closing statement; and (3) failed to move for a mistrial based on a police officer's testimony describing her encounter with a witness to the murder, Ms. Wilson.[29] We referred Mr. Brooks's petition to the Honorable Pamela A. Carlos for a Report and Recommendation.[30]

### *Judge Carlos's Report and Recommendation to dismiss the habeas petition.*

Judge Carlos issued a detailed Report recommending we deny Mr. Brooks's petition.[31] Judge Carlos first found Mr. Brooks's claims challenging the effectiveness of his post-conviction counsel not cognizable under habeas review.[32] She further found to the extent Mr. Brooks attempted to raise the three underlying ineffective assistance of his post-conviction counsel claims against trial counsel, he still could not succeed because his claims are meritless.[33] Judge Carlos explained counsel cannot be found ineffective for failing to raise meritless claims.[34] Judge Carlos also found Mr. Brooks's procedural due process claim not cognizable under habeas review.[35] She

4

found even if we could review his procedural due process claim, Mr. Brooks would not be entitled to relief because the claim is meritless because the state appellate courts complied with binding caselaw and statutes.[36]

## II.    Analysis

Mr. Brooks now objects to Judge Carlos's Report and Recommendation.[37] It is difficult to determine the basis of Mr. Brooks's objections. Mr. Brooks largely rehashes his theories of relief in his habeas petition and reasserts the same arguments regarding the ineffectiveness of his post-conviction counsel. As best we can determine, Mr. Brooks objects to the Report and Recommendation for these reasons:

1. A general objection to Judge Carlos's finding the ineffective of post-conviction counsel claims not cognizable under habeas review;

2. A general objection to Judge Carlos's finding the procedural due process claim not cognizable and meritless; and

3. A general objection to the entire Report and Recommendation as "cop[ying] virtually verbatim from the State's Answer in opposition to the Petition" and "adopt[ing], wholesale, the facts and arguments contained in the State's brief without considering the issues and corrections set for in [Mr. Brooks's] brief and reply."[38]

Before we may grant a habeas petition to a person in custody from a state court judgment, Congress, through the Antiterrorism and Effective Death Penalty Act of 1996, requires prisoners to have "exhausted the remedies available in the courts of the State."[39] If we find the claim has been adjudicated on the merits by the state court, we may grant a petition for habeas relief only if: "(1) the state court's adjudication of the claim resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) the adjudication resulted in a decision that was based

on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."[40]

We may designate a magistrate judge to make proposed findings and recommendations on petitions for post-conviction relief.[41] Mr. Brooks may then object and must "specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections."[42] We may relax this rule for *pro se* litigants.[43]

We review de novo "those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."[44] Objections "merely rehash[ing] an argument presented to and considered by a magistrate judge are not entitled to de novo review."[45] We overrule Mr. Brooks's objections and find his claims for habeas relief lack merit. We approve and adopt Judge Carlos's Report and Recommendations.

    **A.**    **We overrule Mr. Brooks's objections related to his ineffectiveness of his post-conviction counsel claims.**

We construe Mr. Brooks's objection reiterating his deficient performance of post-conviction relief counsel arguments as a challenge to Judge Carlos's finding the ineffectiveness of post-conviction relief counsel claims not cognizable under habeas review.

Claims alleging ineffective assistance of post-conviction relief counsel are generally not cognizable on habeas review.[46] But claims alleging ineffective assistance of post-conviction relief counsel may be raised to excuse procedurally defaulted claims.[47] If a claim is found defaulted, we may still address it only if the prisoner establishes "cause" for the default and prejudice resulting from it.[48] The United States Supreme Court in *Martinez v. Ryan* held a prisoner can rely on post-conviction counsel's ineffectiveness to establish cause to overcome the default of a substantial

claim of ineffective assistance of trial counsel.[49] But "*Martinez* does not recognize a substantive claim of post-conviction counsel's ineffectiveness."[50]

The *Martinez* exception is not applicable here because Mr. Brooks does not argue ineffective assistance of post-conviction relief counsel to excuse a procedurally defaulted claim. He instead asserts three direct ineffective assistance of post-conviction relief counsel claims based on Attorney Wilder's no-merit letter. These claims provide no basis for habeas relief.[51] We agree with Judge Carlos and overrule Mr. Brooks's objections to his ineffective assistance of post-conviction relief counsel claims.[52]

### B. We overrule Mr. Brooks's objections related to his procedural due process claim.

Mr. Brooks's procedural due process claims stems from his sentence. He argues the district attorney altered the language of Section 9711 and "no-where in the Pennsylvania sentencing statute for a first degree murder conviction [Section 9711] authorizes the district attorney to determine a sentence."[53] He claims the district attorney wrongly sentenced him for first degree murder and he should have been tried for voluntary manslaughter.[54] We construe this as a challenge to Judge Carlos's finding Mr. Brooks's claim alleging the Pennsylvania Superior Court and Pennsylvania Supreme Court decisions regarding his sentence violated his procedural due process rights not cognizable and meritless under habeas review.

Judge Carlos correctly explained the Pennsylvania Superior Court twice rejected Mr. Brooks's theory the Commonwealth wrongly sentenced Mr. Brooks under Section 9711.[55] The Superior Court, in response to Mr. Brooks's direct appeal, held Section 9711 governs sentencing procedures in capital cases and did not apply to Mr. Brooks's case because the Commonwealth never sought the death penalty.[56] The Superior Court found no merit in Mr. Brooks's argument he should have been exposed to a harsher sentence than what he received.[57] The Superior Court again

7

rejected Mr. Brooks's challenge to being sentenced under Section 9711 in the context of his ineffective assistance of post-conviction relief counsel claim raised in his appeal of his post-conviction relief petition.[58] The Superior Court reiterated it would have been unreasonable for trial counsel to demand the Commonwealth seek the death penalty to trigger the procedures set forth in Section 9711.[59]

Mr. Brooks argues these decisions violated his procedural due process rights because the Pennsylvania Superior Court and Pennsylvania Supreme Court failed to follow binding statues and caselaw.[60] He claims when the district attorney encroached on legislative intent when he extracted provisions from Pennsylvania's sentencing statute for first degree murder.[61] Judge Carlos found Mr. Brooks's claim challenging the state court's resolution of a question of state law not cognizable on habeas review.[62]

We cannot "reexamine state court determinations on state-law questions" when reviewing habeas claims.[63] We can only decide "whether a conviction violated the Constitution, laws, or treaties of the United States."[64] "[S]entencing complaints . . . do not generally implicate federal constitutional issues."[65] A state court misapplying its own law "does not raise a cognizable claim in a habeas proceeding."[66] We agree with Judge Carlos. Mr. Brooks's procedural due process claim only raises questions of state law and is not cognizable on federal habeas review.

We also agree with Judge Carlos this claim is meritless even if cognizable.[67] Mr. Brooks's life sentence is not invalid because the Commonwealth opted not to pursue the death penalty.[68] Pennsylvania's sentencing statute for first degree murder states "a person who has been convicted of a murder of the first degree . . . shall be sentenced to death *or* to a term of life imprisonment in accordance with 42 Pa. C.S. § 9711."[69] As recognized by Judge Kenney in *Brooks v. Armel*, "Section 1102(a)(1) authorizes two sentences for first-degree murder — death or life imprisonment

— and does not require the Commonwealth present a death sentence in order to seek a sentence of life imprisonment."[70] We overrule Mr. Brooks's objections to his procedural due process claim.

### C.  We overrule Mr. Brooks's objection to the extent he claims the Report does not represent "a complete or fair examination of the record."

Mr. Brooks generally objects to Judge Carlos's entire Report and Recommendation arguing it does not a represent "a complete or fair examination of the record."[71] Mr. Brooks argues Judge Carlos "copied virtually verbatim from the State's Answer in opposition to the Petition" and "adopt[ed], wholesale, the facts and arguments contained in the State's brief without considering the issues and corrections set for in [Mr. Brooks's] brief and reply."[72]

Judge Carlos provided a complete and thorough Report and Recommendation. She considered both parties' filings.[73] Judge Carlos comprehensively analyzed and addressed each of Mr. Brooks's grounds for relief raised in his habeas Petition.[74] We fully reviewed the Petition and Judge Carlos's detailed analysis. We overrule Mr. Brooks's objection to the extent he claims Judge Carlos's report does not represent "a complete or fair examination of the record."

### D.  We deny a certificate of appealability.

"Unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken to the court of appeals from . . . the final order in a habeas corpus proceeding in which the detention complained of arises out of process issued by a State court."[75] We may issue a certificate of appealability if "the applicant has made a substantial showing of the denial of a constitutional right."[76] A petitioner "satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."[77]

We decline to issue a certificate of appealability. Reasonable jurists could not disagree with our resolution of Mr. Brooks's claims because they are not cognizable under habeas review. Mr. Brooks's objections to Judge Carlos's Report and Recommendation lack merit.

## III.    Conclusion

We overrule Mr. Brooks's objections and find his claims for habeas relief lack merit. We adopt Judge Carlos's Report and Recommendation. We deny and dismiss Mr. Brooks's petition for a writ of habeas corpus. We deny a certificate of appealability.

---

[1] *Commonwealth v. Brooks*, No. 2816-2016, 2018 WL 3851850, at *1 (Pa. Super. Ct. Aug. 14, 2018). We base our analysis on the trial court's summary of the evidence. *Id.* We may not revisit or alter the facts adduced at trial.

[2] *Id.*

[3] *Id.* (quoting trial court opinion).

[4] *Id.*

[5] *Id.* (quoting trial court opinion).

[6] *Id.*

[7] *Id.*

[8] *Id.*

[9] *Commonwealth v. Brooks*, 253 A.3d 288, 2021 WL 1502197, at *1 (Pa. Super. Ct. 2021), *appeal denied*, 265 A.3d 196 (Pa. 2021).

[10] *Id.*

[11] *Id.*

[12] *Brooks*, 2018 WL 3851850, at *2.

[13] *Id*. The Pennsylvania General Assembly, through 42 Pa. C.S. § 9711(a)(1), provides: "After a verdict of murder of the first degree is recorded and before the jury is discharged, the court shall conduct a separate sentencing hearing in which the jury shall determine whether the defendant shall be sentenced to death or life imprisonment."

---

[14] *Id.*

[15] *Id.*

[16] *Brooks*, 2021 WL 1502197, at *2.

[17] *Id.*

[18] *Id.*

[19] *Id.* A *Turner-Finely* letter is a "no merit" letter sent to the state court "detailing the nature and extent of counsel's diligent review of the case, listing the issues which the petitioner wants to have reviewed, and explaining why and how these issues lack merit, and requesting permission to withdraw." *Rodirequez v. SCI-Mercer*, No. 17-4294, 2019 WL 1559561, at *2 (E.D. Pa. Apr. 9, 2019) (internal quotations omitted); *see also Commonwealth v. Turner,* 544 A.2d 927 (Pa. 1988); *Commonwealth v. Finley,* 550 A.2d 213 (Pa. Super. 1988) (en banc).

[20] *Brooks*, 2021 WL 1502197, at *2.

[21] *Id.*

[22] *Id*. at *3–5. These sub-claims included by filing the no-merit letter Attorney Wilder failed to argue (1) trial counsel acted ineffectively when he failed to challenge Mr. Brooks's sentence under Section 9711; (2) failed to move for a mistrial when a police officer testified Ms. Wilson, an eye witness to the murder, feared "Pooh" (Mr. Brooks's nickname); and (3) failed to object to the prosecutor's "expressions of personal opinions and beliefs as to the credibility of the Commonwealth's witnesses." *Id.*

[23] *Id.* at *2–5.

[24] *Id.*

[25] *Commonwealth v. Brooks*, 265 A.3d 196 (Pa. 2021).

[26] ECF Doc. No. 1.

[27] *Id*.

[28] *Id*. at 5–10.

[29] *Id*.

[30] ECF Doc. No. 9.

[31] ECF Doc. No. 11.

[32] *Id*. at 8.

[33] *Id*. at 8, n.7.

[34] *Id*.

[35] *Id*. at 8–12.

[36] *Id*. at 11–12. Judge Carlos also notes Mr. Brooks's procedural due process claim is unexhausted and likely procedurally defaulted because he never presented his due process claim to the Pennsylvania state courts. *Id.* at 11, n.11.

[37] ECF Doc. Nos. 17, 18.

[38] ECF Doc. No. 18 at 5–8.

[39] 28 U.S.C. § 2254(b)(1)(A).

[40] *Terry v. Ramson*, No. 20-3521, 2021 WL 1394306, at *2 (E.D. Pa. Mar. 15, 2021), *report and recommendation adopted*, No. 20-3521, 2021 WL 1387666 (E.D. Pa. Apr. 13, 2021) (quoting 28 U.S.C. § 2254(d)(1)–(2)) (internal quotations omitted)).

[41] *See* 28 U.S.C. § 636(b)(1)(B); E.D. Pa. Civ. R. 72.1.

[42] E.D. Pa. Civ. R. 72.1.IV(b).

[43] *Rodirequez v. SCI-Mercer*, No. 17-4294, 2019 WL 1559561, at *3 (E.D. Pa. Apr. 9, 2019) (internal citation omitted).

[44] 28 U.S.C. § 636(b)(1).

[45] *Rodirequez*, 2019 WL 1559561, at *4 (internal citations omitted).

[46] *Wallace v. Superintendent Somerset SCI*, No. 22-1451, 2022 WL 4127544, at *1 (3d Cir. Aug. 11, 2022) (citing 28 U.S.C. § 2254(i)) ("[Petitioner's] claim alleging ineffective assistance of [post-conviction relief] counsel is not cognizable on habeas review.").

[47] *Martinez v. Ryan*, 566 U.S. 1, 14–17 (2012).

[48] *Id.* at 10.

[49] *Harvey v. Rivello*, No. 17-189, 2021 WL 6297753, at *6 (E.D. Pa. Sept. 13, 2021), *report and recommendation adopted*, No. 17-189, 2022 WL 63050 (E.D. Pa. Jan. 6, 2022) (citing *Martinez*, 566 U.S. at 14).

[50] *Id.* at *19.

[51] *Betha v. Lane*, No. 17-3078, 2018 WL 3119868, at *4 (E.D. Pa. Apr. 4, 2018), *report and recommendation adopted,* No. 17-3078, 2018 WL 3117636 (E.D. Pa. June 22, 2018) (finding claim for ineffective assistance of post-conviction relief counsel due to counsel's filing a *Finley* no merit letter not cognizable in a federal habeas corpus proceeding).

---

[52] We also agree with Judge Carlos these claims are meritless even if Mr. Brooks is raising his three underlying ineffective assistance of post-conviction counsel claims against his trial counsel. *See* ECF Doc. No. 11 at 8, n.7.

An ineffective assistance of counsel claim is evaluated under the Supreme Court's standard in *Strickland v. Washington*. *See* 466 U.S. 668 (1984). Under *Strickland*, a petitioner demonstrates ineffective assistance of counsel by demonstrating (1) "counsel's performance was so deficient that it fell below an objective standard of reasonableness under prevailing professional norms," and (2) "the deficient performance prejudiced the defense." *Buehl v. Vaughn*, 166 F.3d 163, 169 (3d Cir. 1999) (citing *Strickland*, 466 U.S. at 687–88). "We are highly deferential and indulge a strong presumption that under the circumstances, counsel's challenged actions might be considered sound . . . strategy." *Id.* (citing *Strickland*, 466 U.S. at 689). A petitioner establishes deficiency by demonstrating "counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* (citing *Strickland*, 466 U.S. at 687). Prejudice is established when a petitioner shows "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* (citing *Strickland*, 466 U.S. at 694). A "reasonable probability" is defined as "a probability sufficient to undermine confidence in the outcome." *Id.* (citing *Strickland*, 466 U.S. at 694).

Judge Carlos correctly explained trial counsel did not act ineffectively for failing to object to Mr. Brooks's sentence "under an altered sentencing statute [Section 9711] for first degree murder." *See* ECF Doc. No. 1 at 5; ECF Doc. No. 11, n.7. The Pennsylvania sentencing statute for first degree murder "does not require the Commonwealth present a death sentence in order to seek a sentence of life imprisonment." *Brooks v. Armel*, No. 20-2885, 2022 WL 1028056, at *3 (E.D. Pa. Apr. 6, 2022).

As to the allegedly objectionable statements made by the prosecutor about two witnesses in his closing statement—stating one witness fears retaliation and the other witness's prior statements to the police corroborate what she told the jury—neither are improper. ECF Doc. No. 1 at 26; ECF Doc. No. 11, n.7. Judge Carlos correctly explained these statements were not improper vouching. *See United States v. Wilson*, 960 F.3d 136, 148 (3d Cir. 2020) ("To show improper vouching, the defendant must prove that the prosecutor did two things: first, that he 'assure[d] the jury that the testimony of a government witness is credible,' and second, that he explicitly or implicitly 'base[d] his assurance on either his claimed personal knowledge or other information not contained in the record.'").

Judge Carlos also correctly concluded there is no meritorious argument for trial counsel to have moved for mistrial based on the police officer's testimony recounting her encounter with Ms. Wilson, a witness to the murder, who indicated she feared "Pooh" (Mr. Brooks's nickname). *See* ECF Doc. No. 1 at 27; ECF Doc. No. 11 at 8, n.7.

[53] ECF Doc. No. 18 at 5–6.

[54] *Id*.

[55] ECF Doc. No. 11 at 9–10.

---

[56] *Brooks*, 2018 WL 3851850, at *2.

[57] *Id*

[58] *Brooks*, 2021 WL 1502197 at *3–4.

[59] *Id.*

[60] ECF Doc. No. 1 at 25.

[61] ECF Doc. No. 8 at 3.

[62] ECF Doc. No. 11 at 10–11.

[63] *Priester v. Vaughn*, 382 F.3d 394, 402 (3d Cir. 2004) (quoting *Estelle v. McGuire*, 502 U.S. 62, 67–68 (1991)).

[64] *Terry*, 2021 WL 1394306, at *3 (quoting *Estelle*, 502 U.S. at 68).

[65] *Alston v. Pennsylvania*, No. 17-444, 2018 WL 6919632, at *4 (E.D. Pa. Nov. 28, 2018), *report and recommendation adopted*, No. 17-444, 2019 WL 79031 (E.D. Pa. Jan. 2, 2019).

[66] *James v. Folino*, No. 07-2162, 2015 WL 5063782, at *7 (E.D. Pa. Aug. 25, 2015).

[67] ECF Doc. No. 11 at 11–12.

[68] *Brooks*, 2022 WL 1028056, at *3.

[69] 18 Pa. C.S. § 1102(a)(1) (emphasis added).

[70] *Brooks*, 2022 WL 1028056, at *3.

[71] ECF Doc. No. 18 at 5–6.

[72] *Id*. at 5–8.

[73] *See* ECF Doc. No. 11 at 4, 7–10, 12.

[74] *Id*. at 7–13.

[75] 28 U.S.C. § 2253(c)(1)(A).

[76] 28 U.S.C. § 2253(c)(2).

[77] *Miller-El v. Cockrell*, 537 U.S. 322, 323 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).